IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| MELROSE ALLEN-NGALULA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No:_____ |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA and UNUM GROUP | § | |
| CORP., | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, Melrose Allen-Ngalula, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay Long-Term Disability ("LTD") benefits due under an employee benefits plan, and for Defendants' other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq., and the subject Employee Welfare Benefit Plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal

1

appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

**PARTIES**

4. Plaintiff, Melrose Allen-Ngalula, (hereinafter "Plaintiff"), was at all relevant times, and is currently a resident of Coweta County, Georgia.

5. Defendant Unum Life Insurance Company of America ("Unum Life") is the underwriter of group LTD insurance policy number 45319 001, issued to Plaintiff's former employer, TeamHealth, Inc., and is the party obligated to pay benefits and to determine eligibility for LTD benefits under the Plan.

6. Unum Life is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

7. Defendant Unum Group Corporation ("Unum Group") is the parent company of Defendant Unum Life.

8. Defendant Unum Group exercises significant control over the policies and actions of Defendant Unum Life.

9. Defendant Unum Group is the employer of all persons who acted on behalf of Unum Life.

10. Defendant Unum Group may be served with process by and through its registered agent for service, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

## FACTS

11. Plaintiff was employed by TeamHealth, Inc. as an Emergency Department Physician.

12. TeamHealth, Inc. maintained a LTD benefits plan ("the Plan") for the benefit of its employees.

13. LTD benefits under the Plan were funded by Unum Life policy number 45319 001 ("the Policy").

14. Plaintiff is a participant or beneficiary of the Plan and is covered by the Policy that provides LTD benefits under the Plan.

15. Plaintiff ceased work due to a disability on August 27, 2013, while covered under the Plan.

16. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

17. Plaintiff timely filed an application for LTD benefits under the Plan.

18. Defendants approved that application, and paid benefits until November 24, 2014.

19. As of November 25, 2014, Defendants denied Plaintiff's claim for ongoing LTD benefits, stating that she could perform her own occupation despite her medical condition.

20. Plaintiff filed a timely appeal, but was denied again by Defendants on September 15, 2015.

21. The September 15, 2015 letter confirmed the Plaintiff had exhausted her administrative remedies and had a right to bring a lawsuit under ERISA § 502(a) to challenge the denial of her benefits.

22. Plaintiff has exhausted her required administrative remedies with respect to the LTD claim.

23. The entities that made the decisions to deny benefits would pay any benefits due out of their own funds.

24. The entities that made the decisions to deny benefits were under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

25. The entities that made the decisions to deny benefits allowed their concern over their own funds to influence their decision-making.

26. Defendants have acted under a policy to take advantage of the potential applicability of ERISA to claims.

27. The Defendants' decision-making process violated ERISA by failing to give the Plaintiff a full and fair review of the claim.

28. The Defendants' decision-making process violated the terms of the applicable ERISA Plans and ERISA law and regulations.

29. The Defendants' decision to deny benefits was wrong under the terms of the Plan and under ERISA, and was arbitrary and capricious.

### FIRST CAUSE OF ACTION
### FOR PLAN BENEFITS AGAINST THE DEFENDANT
### PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the prior paragraphs as if fully stated herein and says further that:

30. Under the terms of the Plan, Defendants agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

31. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

32. Defendants failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

33. The decisions to terminate benefits were wrong under the terms of the Plan.

34. The decisions to terminate benefits and decision-making processes were arbitrary and capricious.

35. The decisions to deny benefits were not supported by substantial evidence in the record.

36. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

37. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action**:

1. A finding in favor of Plaintiff against Defendants;

2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and post-judgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing

benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

5. An Order requiring Plan or appropriate Plan fiduciary to provide Plaintiff with any other employment benefits to which she would be entitled pursuant to a finding that she is disabled under the Plan or under any other employee welfare benefit plan;

6. Plaintiff's reasonable attorney fees and costs; and

7. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Dated this 14th day of January, 2016.

           Respectfully submitted,

           ERIC BUCHANAN & ASSOCIATES, PLLC
           ATTORNEYS FOR PLAINTIFF

    BY:    */s Hudson T. Ellis*
           Eric L. Buchanan (#018568)
           Hudson T. Ellis (BPR #28330)
           414 McCallie Avenue
           Chattanooga, TN 37402
           (423) 634-2506
           FAX: (423) 634-2505